BYRNES, Judge.
Schwegmann Giant Super Markets, Inc., (Schwegmann) and the Supermarket Claim Service (S.C.S.) appeal the trial court’s judgment in favor of Leah M. Hubbard awarding her worker’s compensation benefits and medical expenses for a temporary total disability resulting from a slip and fall accident which occurred while in the course and scope of her employment with Schweg-mann. The appellants contend that Mrs. Hubbard failed to carry her burden of proof that the work-related accident and not a subsequent automobile accident was the cause of her disability. We disagree and affirm the ruling of the trial court.
On June 7, 1984 the appellee slipped and fell while working in the meat department of the Schwegmann store located in Chal-mette. Two days later she went to the emergency room at De La Ronde Hospital for treatment of back and leg injuries allegedly sustained in her fall at Schweg-mann’s. She was subsequently examined by a physician at the De La Ronde Medical Center who diagnosed the injury as an acute lumbar strain. At that time, Mrs. Hubbard was prescribed medication and told that she could return to work but to avoid heavy lifting. Her treatment at De La Ronde Medical Center, paid for by Schwegmann and S.C.S., continued until she was discharged as asymptomatic in January, 1985.
In mid-July 1984, the appellee was involved in an automobile accident and received injuries to her left leg and lower left back. Instead of seeking medical treatment from the De La Ronde Medical Center staff for this specific accident, Mrs. Hubbard went to her own physician for treatment. In October 1984, this physician referred her to an orthopedic surgeon for evaluation of her back and left leg pain. It was this specialist’s opinion that the appel-lee suffered from degenerative arthritis of the lumbar spine and lumbar disc disease.
*636 Apparently, several months passed before Mrs. Hubbard informed her family physician and orthopedic surgeon that she had previously fallen and injured herself at work. Likewise, her employer and treating physician at De La Ronde Medical Center were not informed about her automobile-related injury for some time.
Mrs. Hubbard continued working at Schwegmann from the time of her slip and fall until April 17, 1985, when her supervisor noted her inability to satisfactorily perform her work and suggested that she apply for worker’s compensation. Prom April 20, 1985, through July 16, 1985, Mrs. Hubbard received worker’s compensation benefits until payments were terminated when S.C.S. received a letter from Mrs. Hubbard’s family physician stating that she had received treatment for injuries sustained in a car accident. Shortly thereafter the appellee filed suit to reinstate her worker’s compensation benefits.
At trial, Mrs. Hubbard testified that she did not inform Schwegmann’s or the De La Ronde physician of her auto accident-related injuries because she felt personally responsible for shouldering the expenses of this injury. She further testified that she was able to differentiate between the pain she experienced as a result of the auto accident and the pain emanating from her work-related injuries which were confined to her right leg and the right side of her back. Moreover, she claimed that the pain to her left leg and lower left back had subsided prior to trial and that only her work-related injury persisted. Testimony also revealed that prior to her slip and fall, Mrs. Hubbard had no history of leg or back injury. Evidence also showed that the cause of Mrs. Hubbard’s lumbar spine and disc injury could not be accurately apportioned between the slip and fall incident and the auto accident. Furthermore, it was the opinion of Mrs. Hubbard’s treating orthopedic surgeon that her back condition would severely restrict her ability to obtain gainful employment. After hearing this evidence, the trial judge ruled in favor of appellant and ordered compensation benefits restored.
In evaluating the correctness of such a ruling, the focus of appellate review is on whether the trial judge was manifestly erroneous in his factual determinations or committed an error of law. Historic Faubourg St. Mary, Corp. Etc. v. Wimpey, 411 So.2d 1113 (La.App. 4th Cir.1982). In the instant case, the judge was presented with evidence which showed that the appellee sustained a lower back injury while within the scope and course of her employment. The evidence further revealed that subsequent to the slip and fall and prior to Mrs. Hubbard’s automobile accident, she was treated for this back injury which was diagnosed as acute lumbar strain. Expert testimony was also introduced which showed that a month before trial, Mrs. Hubbard continued to suffer from a lumbar disc disability.
An employee’s disability is presumed to have resulted from an employment accident if the worker was in good health before the accident but, commencing with the accident, the symptoms of the disabling condition appear and manifest themselves continuously afterwards, provided there is some reasonable possibility of a causal connection between the accident and the disabling condition. Droddy v. Cliff’s Drilling, Inc., 471 So.2d 223 (La.1985). When the accident and resulting disability occur without an intervening cause, the accident is presumed to have caused the disability. Guillory v. U.S.F. & G. Ins. Co., 420 So.2d 119 (La.1982). The effect of this presumption is to shift the burden to the employer to prove that the disability was not work-related. Id. at 124.
In the instant case, Mrs. Hubbard established that she fell and was injured during the course and scope of her employment at Schwegmann. The preliminary diagnosis of an acute lumbar strain by the De La Ronde Medical Center supports this finding. The appellee also testified that she began experiencing pain in her lower right back shortly after her fall and that this pain continued until the time of trial. There was no evidence that Mrs. Hubbard *637 had a prior history of hack injury. Although the appellee received injuries to her left leg and lower left back in an automobile accident a month after her fall, she testified that these injuries were temporary and produced pain separate and distinct from that occasioned by the fall. Expert opinion as to whether the automobile accident may have caused or contributed to her continued disability was inconclusive. Under these circumstances, we cannot say that the trial court erred by concluding that there was no intervening cause for appellee’s back disability, nor was it error to conclude that her back injury manifested itself a short time after the accident and persisted up to the time of trial. The ap-pellee established a presumption that her back disability was work related. The appellants did not rebut this presumption. We therefore conclude that the trial court correctly granted the appellee worker’s compensation for her temporary and total disability.
For the above reasons, we affirm the trial court’s ruling at appellant’s cost.
AFFIRMED.